UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
QIAOSUN WU,                                                    :

                Plaintiff,                    :  11 Civ. 1202 (PAE) (GWG)

   -v.-                                                        :  REPORT AND RECOMMENDATION

BTL INTERNATIONAL CO. LTD et al.,                              :

                Defendants.                   :

---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Background

      The complaint in this action was filed on February 22, 2011. Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

As of October 20, 2011, no proof of service of the summons and complaint had been filed. Accordingly, the Court issued an order notifying the plaintiff of the Court's intention to dismiss the action on the ground that service had not been made within 120 days of the filing of the complaint as required by Rule 4(m). See Order, filed Oct. 20, 2011 (Docket # 8). The Court also indicated that if the plaintiff wished to move for an extension of time, any such motion had to be filed on or before October 27, 2011. Id. Following this order, plaintiff moved for an entry of default. See Notice of Motion for Entry of Default, filed Nov. 11, 2011 (Docket ## 10, 11); Certification of Yusuk Ziya Senturk, Esq., dated Oct. 13, 2011 (annexed to Docket # 11);

Proposed Order (annexed to Docket # 11).  The motion was denied by Order dated November 21, 2011, however, because the motion failed to include proof of service on any defendant.  See Order, filed Nov. 21, 2011 (Docket # 12).  The November 21 Order directed plaintiff to obtain a proper Certificate of Default from the Clerk's Office and to make a motion for a default judgment on or before December 31, 2011.  Id.  The Order warned plaintiff that if he failed to move for a default judgment by December 31, 2011, his case could be dismissed for failure to prosecute.  Id.

Plaintiff never made a motion for a default judgment, however.[1]  Accordingly, on March 13, 2012, this Court issued an Order to Show Cause requiring plaintiff to show cause why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and/or Federal Rule of Civil Procedure 4(m).  See Order to Show Cause, filed Mar. 13, 2012 (Docket # 14) ("Order to Show Cause").  The response was due on April 4, 2012.  Id.  To date, plaintiff has not filed any response to the Order to Show Cause.

Discussion

This case should be dismissed on two grounds.  First, there is no admissible evidence in the record that service has been made pursuant to Rule 4(m) and the 120-day deadline contained in that rule expired long ago.  Because this is not a case in which the Court should exercise its discretion to grant an extension in the absence of good cause, see Zapata v. City of New York, 502 F.3d 192 (2d Cir. 2007), this action should be dismissed pursuant to Fed. R. Civ. P. 4(m).

Second, Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the

---

[1] In the meantime, an attorney filed a notice of appearance on behalf of one of the defendants.  See Appearance of Counsel, filed Jan. 13, 2012 (Docket # 13).  But it contained no concession that the defendant had been served.

2

plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The text of Rule 41(b) addresses only the situation in which a defendant moves for dismissal, but "it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case <u>sua sponte</u> for failure to prosecute." <u>LeSane v. Hall's Sec. Analyst, Inc.</u>, 239 F.3d 206, 209 (2d Cir. 2001) (citing <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630–31 (1962) ("The authority of a court to dismiss <u>sua sponte</u> for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")). Although dismissal is "a harsh remedy to be utilized only in extreme situations," <u>United States ex rel. Drake v. Norden Sys., Inc.</u>, 375 F.3d 248, 254 (2d Cir. 2004) (quoting <u>Minnette v. Time Warner</u>, 997 F.2d 1023, 1027 (2d Cir. 1993)) (internal quotation marks omitted), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts," <u>Lyell Theatre Corp. v. Loews Corp.</u>, 682 F.2d 37, 42 (2d Cir. 1982).

While appellate courts apply a number of factors in evaluating the propriety of a dismissal for failure to prosecute, <u>see</u> <u>Drake</u>, 375 F.3d at 254, a district court is not required to discuss each factor in dismissing a case as long as an explanation is given for the dismissal, <u>see</u> <u>Lucas v. Miles</u>, 84 F.3d 532, 535 (2d Cir. 1996). Here, it is sufficient to say that plaintiff has not complied with two separate Court orders: one that required him to make a motion for a default judgment by December 31, 2011, and the other that required him to show cause why the case should not be dismissed. Essentially, this case has sat idle for more than a year because of plaintiff's inaction. Thus, this action should be dismissed pursuant to Fed. R. Civ. P. 41(b) as

well.

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Paul A. Engelmayer, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Engelmayer. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: April 12, 2012
      New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge